UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,          CIVIL ACTION NO. 09-MC-51117

vs.

                                    DISTRICT JUDGE JOHN CORBETT O'MEARA

MICHAEL BURT,            MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** Defendant's Objection to Writ of Continuing Garnishment and Motion to Quash Writ of Garnishment (docket no. 4) should be **DENIED**.

**II.**     **REPORT**:

    A.    Facts and Procedural History

This matter comes before the Court on Defendant's Objections to the Writ of Continuing Garnishment and Motion to Quash Writ. (Docket no. 4). Plaintiff has filed a response. (Docket no. 10). The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).[1] (Docket no. 6). The Court heard oral argument on the matter on March 10, 2010, during which Defendant appeared by telephone. This matter is now ready for ruling.

Defendant was convicted of four counts of federal tax evasion in violation of 26 U.S.C.

---

[1] The order of reference referred this matter for decision pursuant to 28 U.S.C. § 636(b)(1)(A). Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *United States v. Tyson*, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003).

§ 7201 and was sentenced to twenty-seven months imprisonment, a fine of $6,400, and two years of supervised release. (Docket no. 10). He is presently incarcerated at the Federal Correctional Institution in Milan, Michigan. On September 30, 2009 the Plaintiff applied for a writ of continuing garnishment, seeking to obtain Defendant's interest in his life insurance policies held by garnishee Prudential Insurance Company. Service of the writ was made on Prudential on October 13, 2009. (Docket no. 3). On October 22, 2009 Prudential served its answer which states that it has possession of three life insurance policies owned by Defendant. (Docket no. 3). Prudential's answer also states that the life insurance policies may be exempt from attachment pursuant to MCL § 500.2207. (Docket no. 3).

On December 1, 2009 Defendant filed a Request for Hearing on Plaintiff's application for writ of garnishment. (Docket no. 5). Defendant also filed Objections to the Writ of Garnishment and Motion to Quash the Writ. (Docket no. 4). In his Request for Hearing, Defendant identifies his claim of exemption as "Other," and argues that his underlying conviction and restitution judgment are invalid. Defendant asserts that the conviction and judgment are the "result of a whipsaw tax judgment against Defendant which is not in the [Internal Revenue] Code but was created by craft, deceit and trickery through the use of evidence tampering, [and] conspiracy. . . ." (Docket no. 5). He asserts that the amount claimed due is a "result of criminal activity of U.S. employees." (Docket no. 5). He further asserts that the $6,400 judgment is invalid because the IRS's recourse was against his employer, who withheld up to $300,000 from Defendant and now holds money in trust for the government pursuant to 26 U.S.C. § 7501 and *Slodov v. United States*, 436 U.S. 238, 243 (1978). (Docket no. 5).

In his Objections to the Writ of Garnishment and Motion to Quash Writ, Defendant continues

2

to attack his underlying conviction and judgment. He also argues that the Plaintiff failed to timely inform him of the application for writ of garnishment and thus denied him the opportunity to oppose the writ. (Docket no. 4). In addition, at the hearing on his objections Defendant argued that he is entitled to relief under Rule 60(b) of the Federal Rules of Civil Procedure. He also argued that he has a payment agreement with the government which is not currently in default.

B.   Analysis

The Federal Debt Collection Procedures Act (FDCPA) authorizes the Court to enter a writ of garnishment against property "in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor. . . ." 28 U.S.C. § 3205(a). Compliance with the statutory requirements for the issuance of a writ of garnishment requires in part that the writ be issued not less than thirty days since demand on the debtor was made for payment of the debt. 28 U.S.C. § 3205(b)(1)(B). The United States has an obligation to serve the garnishee and the judgment debtor with a copy of the writ of garnishment. 28 U.S.C. § 3205(c)(3). After the garnishee files an answer to the writ, the judgment debtor has twenty days in which to file a written objection and request a hearing. 28 U.S.C. § 3205(c)(5). If a hearing is requested within twenty days of receiving notice of the action, the judgment debtor may move to quash the writ. 28 U.S.C. § 3202(d). Hearings are limited to the following issues: (1) the probable validity of any claim of exemption by the judgment debtor; (2) compliance with any statutory requirement for the issuance of the writ of garnishment; and (3) if a default judgment was entered, the probable validity of the claim for the debt and the existence of good cause for setting aside the judgment. *Id*.

Property exempt from garnishment is set forth in 18 U.S.C. § 3613(a). Defendant makes one claim of exemption, designated as "Other." However, it is apparent from the arguments made in

support of his claim that the Defendant seeks to collaterally attack his federal conviction and judgment. Objections to a writ of garnishment and motions to quash writ are not appropriate vehicles for challenging the validity of a criminal conviction and outstanding criminal judgment. The Defendant has failed to set forth a cognizable claim that a federal exemption applies.

Garnishee Prudential indicates that the Defendant's life insurance policies may be exempt from attachment pursuant to MCL § 500.2207, which provides that life insurance policies including the cash surrender value made payable to a spouse or child of the insured are exempt from garnishment under state law. Defendant asserts that he has been married twice and has one adult child. He claims to have no knowledge of who the named beneficiaries are on his life insurance policies. Plaintiff contends that the garnishee's attempt to limit the reach of the United States by reference to MCL § 500.2207 is unavailing because life insurance policies are not exempt under 18 U.S.C. § 3613(a). Plaintiff also asserts that for purposes of tax collection a State may define an individual's underlying property interests, but it is federal law that determines what happens to those interests. *See United States v. Rodgers*, 461 U.S. 677, 683 (1983).

The Plaintiff's argument is persuasive. 18 U.S.C. § 3613(a) provides that the United States may enforce a judgment imposing a fine against all property or rights to property of the person fined, other than for the limited exceptions listed in the statute. Life insurance policies are omitted from the list of exempt property under § 3613(a). The FDCPA preempts state law exemptions to the extent they are inconsistent with the federal statute. 28 U.S.C. § 3003(d); *see also United States v. Wilson*, No. 305-008, 2007 WL 4557774, at *1 n.2 (S.D. Ga. Dec. 20, 2007). The parties have not identified, and this Court has not found, any authority to support a claim that MCL § 500.2207 limits the federal government's right to garnish the Defendant's property in this case. *See United States*

4

*v. Rice*, 196 F. Supp. 2d 1196, 1200 (N.D. Okla. 2002) (the legislative history of 18 U.S.C. § 3613(a) recognizes that the exemptions in § 3613(a)(1) are limited, therefore "the government would no longer be subject to the 'greater and more varied number of exemptions provided for in state laws. . . .' ").

In addition to finding that the Defendant has not identified a valid federal exemption, the Court should find that the writ of garnishment was properly issued. Despite his assertions otherwise, Defendant received notice of the debt at least 30 days prior to the issuance of the writ. The Defendant received a copy of the writ of garnishment, and this Court thoroughly reviewed his Request for Hearing, along with his Objections to the Writ of Garnishment and Motion to Quash. The Defendant appeared before this Court by telephone at the March 10, 2010 hearing on his Objections and Motion to Quash, and at the hearing was provided with the opportunity to argue his position with respect to whether the relevant life insurance policies were subject to a valid exemption. The procedural requirements for the issuance of a writ of garnishment have been followed.

Finally, the Court should find that the Defendant's assertion that he entered into a payment plan with the federal government, and his claim that he is entitled to relief from his criminal conviction and restitution judgment under Rule 60(b) of the Federal Rules of Civil Procedure are unavailing. The Plaintiff has informed the Court that the payment agreement Defendant refers to is with the Bureau of Prisons, not the Department of Justice, and does not limit the government's right to collect on the debt. Furthermore, Rule 60(b) does not apply to criminal cases and therefore will not provide the Defendant with the relief he seeks.

Accordingly, this Court recommends that the Defendant's Objections to the Writ of

Garnishment and Motion to Quash Writ be denied. As of March 10, 2010, the Defendant owed $5,925 on his debt, with a $25 payment due from the Defendant in April 2010. It appears that any one of the three life insurance policies has a cash value in excess of the amount owed. (Docket no. 3). The Court should therefore enter an order denying the Defendant's Objections to the Writ of Garnishment and Motion to Quash Writ, and order that at least one life insurance policy be liquidated and that amount be applied to the remainder of the debt owed by the Defendant.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.


Dated: March 22, 2010                s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Michael Burt and Counsel of record on this date.


Dated: March 22, 2010                s/ Lisa C. Bartlett
                                     Courtroom Deputy