**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**        **CIVIL ACTION NO. 09-MC-51117**

vs.

                                **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**MICHAEL BURT,**            **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:** This Court recommends that Defendant's Motion to Quash Garnishment and Motion for Summary Judgment (docket no. 15) be **DENIED**.

**II.    REPORT**:

    A.    Facts and Procedural History

This matter comes before the Court on Defendant's Motion to Quash Garnishment and Motion for Summary Judgment, filed on March 9, 2010. (Docket no. 15). Plaintiff filed a response to the motion. (Docket no. 21). The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).[1] (Docket no. 16). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

Defendant is presently incarcerated at the Federal Correctional Institution in Milan,

---

[1]The order of reference referred this matter for decision pursuant to 28 U.S.C. § 636(b)(1)(A). Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *United States v. Tyson*, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003). Motions for Summary Judgment must also be resolved by Report and Recommendation.

1

Michigan, having been convicted of four counts of federal tax evasion in violation of 26 U.S.C. § 7201. He was sentenced on December 3, 2008 to twenty-seven months imprisonment, a fine of $6,400, and two years of supervised release. On September 30, 2009 the Plaintiff applied for a writ of continuing garnishment, seeking to obtain Defendant's interest in his life insurance policies held by garnishee Prudential Insurance Company. The garnishee's answer disclosed that it held assets of Defendant which may be subject to garnishment.

On December 1, 2009, Defendant requested a hearing on his Objections to Garnishment and Motion to Quash. (Docket nos. 4-5). The hearing was scheduled for March 10, 2010. (Docket no. 9). On February 19, 2010 Defendant filed a Motion for Continuance of Hearing, requesting additional time to prepare witnesses and gather evidence to show that his criminal judgment should be set aside. (Docket no. 11). The Court denied the Motion for Continuance of Hearing on March 2, 2010, and informed the parties that the garnishment hearing was limited to the issues of whether there was a valid claim of exemption under 18 U.S.C. § 3613(a), and whether the Plaintiff complied with statutory requirements in issuing the writ of garnishment. *See* 28 U.S.C. § 3202(d). (Docket no. 13).

The Defendant appeared at the March 10, 2010 garnishment hearing by telephone and presented his arguments to the Court. Consistent with the briefs filed with the Court, Defendant argued at the hearing that his criminal conviction and restitution judgment were obtained through fraud on the court perpetrated by the U.S. government. He also argued that the IRS refuses to credit $300,000 held in a Slodov Trust Fund against his personal tax liability. On March 22, 2010 this Court entered a Report and Recommendation recommending that the Defendant's objections and motion to quash be denied. (Docket no. 20).

On March 9, 2010 Defendant filed the instant Motion to Quash and Motion for Summary Judgment. (Docket no. 15). In this motion, Defendant makes the same arguments made by him and considered by this Court in his previous Motion to Quash. He also asserts that he was prejudiced by the March 2, 2010 Order denying his Motion for Continuance because it denied him the right to an evidentiary hearing to prove that the value of the Slodov Trust Fund is greater than the value of the fine. (Docket no. 15). Attached to the instant motion are copies of Defendant's amended 1099 forms and W-2 statements "for 3 of the 4 years of the criminal trial [to] prove that the withholding taken from Defendant for which he is serving time in prison . . . have never been applied nor credited by the IRS to Defendant's account." (Docket no. 15, at 4).

Following his conviction the Defendant filed a motion for acquittal, a motion for new trial, and a notice of appeal of his criminal conviction and sentence. (Docket nos. 15, at 1; Docket no. 20, at 1-2). Defendant also filed an objection to the Order denying his Motion for Continuance. (Docket no. 17). The arguments made in this second Motion to Quash and Summary Judgment are beyond the scope of the garnishment proceeding referred to this Court and would be more appropriately made in relation to his appeal of his criminal conviction. Defendant has failed to set forth a cognizable claim that a federal exemption applies. Accordingly, this Court recommends that Defendant's Motion to Quash and Motion for Summary Judgment be denied.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

*Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 9, 2010                s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Michael Burt and Counsel of record on this date.

Dated: 4/9/10                       s/ Lisa C. Bartlett
                                    Case Manager

4