UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL BURT,

    Defendant,

and

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Garnishee.
_____/

Case No. 09-MC-51117

Hon. John Corbett O'Meara

## ORDER ADOPTING MAGISTRATE
## JUDGE'S REPORTS AND RECOMMENDATIONS

The United States filed this garnishment action on September 30, 2009, seeking to satisfy a judgment against Defendant Michael Burt for tax evasion. The government seeks Defendant's interest in his life insurance policies held by Prudential Insurance Company. Prudential served an answer on October 22, 2009, stating that it has three life insurance polices owned by Defendant, but that the policies may be exempt from attachment pursuant to M.C.L. § 500.2207.

On December 1, 2009, Defendant filed a request for hearing on Plaintiff's application for writ of garnishment. On the same date, he also filed objections to the writ and a motion to quash, arguing that his conviction and restitution judgment are invalid. This court referred this matter to Magistrate Judge Mona Majzoub. Magistrate Judge Majzoub scheduled a hearing for

March 10, 2010. Defendant sought a continuance, which Magistrate Judge Majzoub denied on March 2, 2010. Defendant appealed this decision to the Sixth Circuit, which remanded to this court for initial consideration on April 30, 2010.

Meanwhile, Defendant filed a second motion to quash and a motion for summary disposition on March 9, 2010. The garnishment hearing proceeded before Magistrate Judge Majzoub on March 10, 2010. Magistrate Judge Majzoub issued a report and recommendation regarding Defendant's December 1, 2009 objection to the writ on March 22, 2010. The magistrate judge concluded that Defendant's life insurance policies were not exempt from garnishment under federal law and that there was no "authority to support a claim that MCL § 500.2207 limits the federal government's right to garnish the Defendant's property in this case." March 22, 2010 R & R at 4. The court recommended that this court enter an order denying Defendant's objections and motion to quash the writ. The court further recommended that this court order that at least one of Defendant's life insurance policies be liquidated to satisfy his judgment. Defendant filed objections to the magistrate judge's report and recommendation on April 6, 2010.

Magistrate Judge Majzoub issued a report and recommendation regarding Defendant's second motion to quash and for summary judgment on April 8, 2010. The magistrate judge concluded that Defendant's objections were directed to attacking his criminal conviction and were beyond the scope of the garnishment proceeding. She recommended that Defendant's second motion to quash and for summary judgment be denied. Defendant filed objections to the magistrate judge's second report and recommendation on April 23, 2010.

Before the court are Defendant's objections to the magistrate judge's two reports and

recommendations, as well as Defendant's appeal of the order denying his request for a continuance. With respect to the reports and recommendations, this court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Having thoroughly reviewed the reports and recommendations, as well as Defendant's objections, the court is satisfied that Magistrate Judge Majzoub's analysis and legal conclusions are correct. Accordingly, the court will adopt the magistrate judge's March 22, 2010 and April 8, 2010 reports and recommendations as its own.

The standard of review for the order denying a continuance is different. Pursuant to 28 U.S.C. § 636(b)(1)(A), this court may modify or set aside any portion of Magistrate Judge Majzoub's non-dispositive order that is "clearly erroneous or contrary to law." See also Fed. R. Civ. P. 72(a). Under the circumstances, the court is not persuaded that the magistrate judge's decision to deny a continuance was clearly erroneous or contrary to law, when Defendant sought more time to gather evidence that was directed to challenging his underlying conviction, rather than issues relevant to the writ of garnishment. Therefore, the court will overrule Defendant's objections to the magistrate judge's order denying a continuance.

**ORDER**

IT IS HEREBY ORDERED that Magistrate Judge Majzoub's March 22, 2010 report and recommendation is ADOPTED.

IT IS FURTHER ORDERED that Magistrate Judge Majzoub's April 8, 2010 report and recommendation is ADOPTED.

IT IS FURTHER ORDERED that Defendant's objections to Magistrate Judge Majzoub's March 2, 2010 order denying a continuance are OVERRULED.

s/John Corbett O'Meara
United States District Judge

Date: September 2, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 2, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager